Clayton L. Everett | State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Debtor

# United States Bankruptcy Court

## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| In re: | |
| Eddie Dean Lewis | Case No. 26-40536-mxm13 |
| Debtor, | Chapter 13 |

## DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

TO THE HONORABLE JUDGE MARK X. MULLIN:

COMES NOW, Eddie Dean Lewis (the "Debtor"), and respectfully files this *Motion to Extend the Automatic Stay* (the "Motion") pursuant to 11 U.S.C. § 362(c)(3)(B), and would show the Court the following:

1. On February 3, 2026, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Debtor has **not** had more than one bankruptcy case pending within the one-year period preceding this filing. Debtor filed one (1) previous bankruptcy within the 12 months preceding this case: Debtor's Prior Chapter 13 was Case No. 22-41001-mxm13.

### Explanation for Prior Dismissal

3. The Debtor's prior Chapter 13 case (Case No. 22-41001-mxm13) was dismissed without prejudice due to a payment default late in the case and not as a result of bad faith, abuse of the bankruptcy process, or failure to cooperate with the Chapter 13 Trustee.

4. The Debtor prosecuted that case for nearly three years, obtained confirmation of a Chapter 13 plan, and made substantial payments to the Trustee prior to dismissal. No order was entered

barring refiling, no dismissal with prejudice was sought or granted, and no findings of bad faith were made by the Court.

### Changed Financial Circumstances Since Dismissal

5. Since dismissal of the prior case, the Debtor's financial circumstances have materially improved. The income instability and cash-flow interruptions that contributed to the prior payment default have been resolved, and the Debtor now has stable and sufficient income to fund a feasible Chapter 13 plan.

6. The Debtor has restructured personal and business expenses, eliminated irregular obligations that burdened the prior plan, and is better positioned to maintain regular plan payments going forward.

### Feasibility and Likelihood of Successful Reorganization

7. Based on the Debtor's current financial condition, income projections, and budget, the Debtor reasonably believes that he will be able to timely make all required plan payments and comply with all obligations under the Bankruptcy Code and any confirmed plan in this case. The Debtor has filed this case with the intent to complete a successful reorganization and not for the purpose of delay or to frustrate creditors.

### Good Faith Filing Rebuts Bad Faith Presumption Under § 362(c)(3)(C)

8. The Debtor affirmatively states that this case was filed in good faith within the meaning of 11 U.S.C. § 362(c)(3)(B) and (C). The prior case was not dismissed for failure to file or amend required documents without substantial excuse, failure to provide adequate protection ordered by the Court, or failure to perform under a confirmed plan due to misconduct or abuse. The prior case was not dismissed after the Debtor failed to perform any of the acts set forth in 11 U.S.C. §

362(c)(3)(C)(i)(II). Accordingly, to the extent any presumption of bad faith might otherwise apply, such presumption has been rebutted by clear and convincing evidence.

9. In the prior case, certain creditors filed motions for relief from stay, which were resolved by agreed or conditional orders and not based on any finding of bad faith.

## Necessity of Extending the Stay

10. Absent extension of the automatic stay, the Debtor faces the imminent risk of collection activity, foreclosure, repossession, and other actions that would undermine the Debtor's ability to reorganize and would irreparably harm the bankruptcy estate and creditors as a whole. Extending the automatic stay is essential to preserve the status quo, allow the Debtor to propose and prosecute a confirmable Chapter 13 plan, and maximize recovery for all parties in interest.

11. Without an Order of this Court, the Automatic Stay will terminate 30 days from the filing of this case pursuant to 11 U.S.C. §362(c)(3).

12. Debtor's Voluntary Petition was filed in good faith. The Debtor believes, based on his current financial condition and projections, that he will be able to fully perform all obligations under the terms of the plan filed with this petition. The Debtor requests that the automatic stay be extended as to the Debtor, the Debtor's property, and property of the bankruptcy estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order extending the Automatic Stay pursuant to 11 U.S.C. §362(c)(3)(B) and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: February 4, 2026. | Respectfully submitted:<br><br>Norred Law, PLLC<br>By: /s/ Clayton L. Everett<br>Clayton L. Everett<br>Texas State Bar No. 24065212<br>clayton@norredlaw.com<br>515 E. Border Street<br>Arlington, Texas 76010<br>Telephone: (817)704-3984<br>Counsel for Debtor |