United States Bankruptcy Court

Northern District of Texas

In re:

Eddie Dean Lewis

    Debtor

Case No. 26-40536-mxm

Chapter 13

# CERTIFICATE OF NOTICE

| District/off: 0539-4 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 24, 2026 | Form ID: pdf012 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 26, 2026:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: lewisfab@sbcglobal.net | Jun 24 2026 21:51:00 | Eddie Dean Lewis, 6537 Spring River Lane, Fort Worth, TX 76180-8057 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2026      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 24, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Camille Stecker | on behalf of Creditor Tarrant County Camille.Stecker@lgbs.com Dalia.Balderas@lgbs.com;Yvonne.Perez@lgbs.com;camille.stecker@ecf.courtdrive.com;Mirian.Zavala@lgbs.com |
| Clayton Everett | on behalf of Debtor Eddie Dean Lewis clayton@norredlaw.com clayton.norredlaw.com@recap.email;warren@norredlaw.com;anorred@norredlaw.com;angela@norredlaw.com;norredbk@gmail.com;norredlawpllc@jubileebk.net;kailey@norredlaw.com |
| Howard Marc Spector | on behalf of Creditor Hunter-Kelsey of Texas  LLC as agent and attorney in fact for FNA VI, LLC hspector@spectorcox.com, sshank@spectorcox.com;ahawkins@spectorcox.com;hspector@ecf.courtdrive.com |
| Pam Bassel | fwch13cmecf@fwch13.com |

District/off: 0539-4 User: admin Page 2 of 2
Date Rcvd: Jun 24, 2026 Form ID: pdf012 Total Noticed: 1

Stephen Andrew Cumbie
    on behalf of Creditor City of Fort Worth Stephen.Cumbie@fortworthtexas.gov

United States Trustee
    ustpregion06.da.ecf@usdoj.gov

TOTAL: 6



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 24, 2026**

United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**IN RE:**                                                       **CASE NO.: 26-40536-MXM-13**

    **EDDIE DEAN LEWIS**
      AKA: DEAN LEWIS
      6537 SPRING RIVER LN
      FORT WORTH, TX 76180
      SSN/TIN: XXX-XX-5351

**DEBTOR**

### ORDER CONFIRMING CHAPTER 13 PLAN, VALUING COLLATERAL, ALLOWING DEBTOR'S ATTORNEY'S FEES, PROVIDING FOR A TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS AND OTHER RELATED MATTERS
### (WITH REVISIONS TO THE PLAN AS SPECIFIED HEREIN)

On this day came for consideration confirmation of Debtor's Chapter 13 Plan filed on May 18, 2026. The Court FINDS:

That the Plan should be confirmed based on the resolution of disputed issues by stipulation, letter agreement, or agreed order which has been incorporated into the terms of this order;

That twenty-eight (28) days' notice was appropriately given to all creditors;

That the Debtor's Chapter 13 Plan ("Plan") complies with all applicable provisions of Title 11 of the United States Code;

That any fee, charge, or amount required under the United States Code or by the Plan to be paid before Confirmation has been paid;

CASE NO. 26-40536-MXM
DEBTOR: EDDIE DEAN LEWIS

That the Plan has been proposed in good faith and not by any means forbidden by law;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code on such date;

That, with respect to each allowed secured claim provided for by the Plan - (1) the holder of such claim has accepted the plan or (2) the Plan provides (a) that the holder of such claim retain the lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 and, if the case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law and (b) the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim and (c) if the property to be distributed is in the form of periodic payments, such payment shall be in equal monthly amounts and, if the holder of the claim is secured by personal property, the amount of such payment is not less than an amount sufficient to provide the holder of such claim adequate protection during the period of the plan or (3) the Debtor surrenders the property securing such claim to the holder.

That the action of the Debtor in filing the petition was in good faith;

That the Debtor has paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtor is required by a judicial or administrative order or by statute to pay such Domestic Support Obligation;

That the Debtor has filed all applicable Federal, State, and local tax returns as required by §1308 of Title 11 of the United States Code;

That no objection to Confirmation has been filed by the Standing Chapter 13 Trustee or any unsecured creditor, or if so, that as of the effective date of the Plan - (a) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim or (b) the Plan provides, at a minimum, that all of the Debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the Plan will be applied to make payments to unsecured creditors under the Plan.

That Confirmation of the Debtor's Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.

**IT IS THEREFORE ORDERED** that the Debtor's Chapter 13 Plan filed on or about May 18, 2026 is confirmed.

**IT IS FURTHER ORDERED** that the Debtor shall pay the following:

TO THE TRUSTEE THE SUM OF $5,041.00 PER MONTH FOR 60 MONTHS FOR A TOTAL OF $302,460.00.

**IT IS THEREFORE ORDERED** that the Debtor's first plan payment to the Trustee is due 30 days from the date of filing the Bankruptcy Petition or converting to Chapter 13, if applicable, and shall be due monthly thereafter.

**IT IS FURTHER ORDERED** that allowed non-priority unsecured claims will be paid pro rata no less than the greater of (1) an unsecured creditor's pool of $201,145.80, or (2) the value of Debtor's equity in non-exempt property of $198,365.43 reduced by the payment of allowed administrative expenses and allowed priority claims.

**IT IS FURTHER ORDERED** that, if applicable, cause exists to extend the term of the Plan beyond 36 months but not more than 60 months.

CASE NO. 26-40536-MXM
DEBTOR: EDDIE DEAN LEWIS

**IT IS FURTHER ORDERED** that the Debtor's attorney, NORRED LAW PLLC, is allowed a total fee of $5,000.00, with $0.00 to be paid through the Plan by the Trustee unless additional fees are allowed during the case.

**IT IS FURTHER ORDERED** that for purposes of distribution under the Plan and §§ 506 and 1325 (a)(5) of the Bankruptcy Code, the **value** of collateral securing any claim herein, **annual percentage rate** and **treatment** of the claim secured thereby is as set forth in Section I, Paragraphs "E", "F", and "G" of the Debtor's Chapter 13 Plan (containing a Motion for Valuation) herein confirmed, except:

| CREDITOR NAME | COMMENT | CLAIM AMOUNT | COLL. VALUE | ANNUAL PERCENTAGE RATE | TREATMENT (Monthly Payment, Direct, Surrender, Late Filed or ProRata) | MORTGAGE MONTHS IN PLAN |
|---|---|---|---|---|---|---|
| HUNTER-KELSEY OF TEXAS LLC | TAX LIEN/BPP/101 CROMWELL ST/07-12 | $27,026.01 | $570,000.00 | 17.99% | $1,224.56 | |
| RICK D BARNES TARRANT COUNTY TAX COLLECTOR | BPP/101 CROMWELL ST/14/21-22/24-26 | $75,428.65 | $570,000.00 | 12.00% | ProRata | |

**IT IS FURTHER ORDERED** that Executory Contracts and Unexpired Leases shall be treated as set forth in Section I, Paragraph "K" of the Debtor's Chapter 13 Plan (containing a Motion for Valuation) herein confirmed, except:

| § 365 Party | ASSUME/ REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| | | $0.00 | | |

**IT IS FURTHER ORDERED** that the valuation of collateral subject to a 910 claim or listed as "Direct" is not res judicata, collateral estoppel or law of the case as to any party.

**IT IS FURTHER ORDERED** that if a Claim is not paid during the term (Approximate) shown in Section I, Paragraphs D.(1), D.(3), E, H and or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full.

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse and apply to any delinquent payments under the Plan, any Income Tax Refund payable to the Debtor during the pendency of this case, and apply any Income Tax Refund in excess of $2,000.00 per year pro rata to the Debtor's allowed general unsecured creditors, per the Standing Order Concerning All Chapter 13 Cases ("General Order"). Further, and regardless of any Income Tax Refund amounts due to the Debtor or received by the Trustee, unless otherwise ordered by the Court, the Debtor shall provide a copy of their federal income tax return to the Trustee within 14 days of filing such during the term of the Plan.

**IT IS FURTHER ORDERED** in addition to the provisions of Section II, paragraph T of the Plan, that unless otherwise ordered by the Court, unscheduled and/or undisclosed property as well as after acquired property pursuant to § 1306(a)(1) shall not re-vest in Debtor upon confirmation.

**IT IS FURTHER ORDERED** that the Debtor shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee is hereby discharged from any liability from the operation of the Debtor's business and from any further duty to investigate the business of the Debtor or to require further operating reports from the Debtor.

**IT IS FURTHER ORDERED** that pursuant to the General Order, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor, Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing and pre-hearing conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of

**CASE NO. 26-40536-MXM**
**DEBTOR: EDDIE DEAN LEWIS**

service of the TRCC.  Unless an Objection is timely filed as to the amount or class of any claim, the claim will be allowed or approved only as described in the TRCC, and such amount and any class designation will be binding on all parties without further order of the court.  All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's pre-hearing conference or give the Trustee prior written notice that a hearing is necessary.

**IT IS FURTHER ORDERED** that nothing herein or in the Plan shall determine the **allowed amount** or **class** of any claim which matters are hereby reserved until after the applicable claims bar date and after the Trustee's Recommendation Concerning Claims has been filed.  Valuation of collateral, interest rate, and treatment of claims shall be as provided in the Plan or herein.

**IT IS FURTHER ORDERED** that priority and unsecured creditors shall receive interest at the legal rate from the petition date (priority first, then unsecured second) to the extent of Debtor's equity in non-exempt property, less trustee's fees, exceeds the principal amount of allowed priority and unsecured claims, pursuant to §§ 1325 (a)(4) and 726(a)(5) of the Bankruptcy Code.

# # #  END OF ORDER # # #