Howard Marc Spector
TBA#00785023
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com

**ATTORNEY FOR
HUNTER-KELSEY OF TEXAS, LLC AS
AGENT AND ATTORNEY IN FACT FOR FNA VI, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Eddie Dean Lewis** | § | **CASE NO. 26-40536** |
| | § | |
| | § | |
| **Debtor** | § | |

**APPLICATION FOR REIMBURSEMENT OF FEES AND EXPENSES PURSUANT TO 11 U.S.C. § 506(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(a)**

TO: THE HONORABLE MARK X. MULLIN
UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON OCTOBER 9, 2026, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Hunter-Kelsey of Texas, LLC as agent and attorney-in-fact for FNA VI, LLC (hereinafter "**FNA VI**") a secured creditor of Eddie Dean Lewis (the "**Debtor**"), files this Application for Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Federal Rule of Bankruptcy Procedure 2016(a) (the "**Application**"), and respectfully represents:

## I. <u>BACKGROUND FACTS</u>

1. The Debtor's bankruptcy case was commenced by the filing of a voluntary petition under chapter 13 of title 11 of the United States Code on February 3, 2026 (the "**Petition Date**"). The Debtor's Amended Chapter 13 Plan (the "**Plan**" [Docket No. 31]) was confirmed by that certain Order Confirming Chapter 13 Plan entered on June 24, 2026 (the "**Confirmation Order**" [Docket No. 43]).

2. FNA VI filed its secured proof of claim in this case evidencing that the Debtor was indebted to FNA VI in the amount of $27,026.01, plus all attorney's fees and costs as allowed by law. Page 1 of the Property Tax Lien Note, attached to FNA VI proof of claim filed in this case, provides as follows regarding the recovery of attorney's fees:

> **Other Fees:** To the extent allowed by applicable law, I may be charged the following costs incurred by Lender after closing:
>
> **(3)** To the extent permitted by the United States Bankruptcy Code, attorney's fees and court costs for services performed should Borrower(s) file a voluntary bankruptcy petition;

FNA VI requests that the Court take judicial notice of the proof of claim filed in the above-referenced bankruptcy case and the loan documents attached thereto.

3. FNA VI's lien arises pursuant to Section 32.06 et seq. of the Texas Tax Code which provides that a party which pays the real property taxes of another and receives transfer of the tax

lien on the property is an assignee who is subrogated to all the rights of the transferring taxing unit. See Tex. Tax Code § 32.065(c).

4. The Debtor's schedules indicate that all property securing FNA VI's lien (the "**Collateral**") is valued in excess of the amount owed to FNA VI. Accordingly, as the holder of a senior ad valorem tax lien on the Collateral, FNA VI is oversecured. The Collateral is not the Debtor's principal residence and accordingly, Paragraph 17 General Order 2016-1 does not apply to approval of the fees and expenses sought herein.

5. Pursuant to the terms of the Plan, FNA VI is a secured creditor whose claim shall be paid in full pursuant to 11 U.S.C. §506(b). Accordingly, FNA VI is entitled to its costs of collection, including attorney's fees incurred through the effective date of the Plan. However, Federal Rule of Bankruptcy Procedure 2016(a) states that any entity seeking payment of attorney's fees and expenses from the estate must submit an application.

## II. COMPENSATION REQUESTED FOR SERVICES RENDERED IN BANKRUPTCY CASE

6. The costs of collection are comprised of attorney's fees incurred by FNA VI for services rendered to FNA VI by Howard Marc Spector (the "**Attorney**"). From March 24, 2026 through September 7, 2026, and subject to Section III of this Application, FNA VI seeks reimbursement for $1,503.00, which represents 2.5 hours at $460.00 per hour billed to FNA VI by the Attorney, 2.0 hours at $145.00 per hour and .2 hours at $150.00 per hour billed to FNA VI for paraprofessional services, plus $33.00 in expenses.

7. FNA VI submits that all amounts requested to be reimbursed herein are reasonable and should be awarded by the Court pursuant to 11 U.S.C. § 506(b). Analysis of the twelve following factors affecting the reasonableness of attorneys' fees as set forth in In the Matter of

First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 97 S.Ct. 1696 (1977), may aid the Court's determination of matters affecting compensation:

(1) Time and labor required. The total number of hours spent by the Attorney in his representation of FNA VI, is set forth in Exhibit "A" attached hereto. The Attorney filed his notice of appearance and proof of claim for FNA VI. The Attorney reviewed multiple plans and reviewed all relevant loan documents. Additionally, the Attorney drafted two plan objections, a letter agreement and devoted the necessary time working with counsel to the debtor and the Chapter 13 Trustee to resolve plan confirmation issues. The Attorney has devoted the time necessary to efficiently attend to the procedures, correspondence, and pleadings involved in this proceeding.

(2) Novelty and difficulty of the questions. The questions presented by this case were not necessarily novel.

(3) Preclusion of other employment by the attorney due to acceptance of the case. FNA VI's Attorney was precluded from engaging in other employment to the extent of the hours in this case.

(4) Customary fee. The fees charged in the case are the customary and usual fees charged by the Attorney and similar firms in this geographical area for the services rendered.

(5) Contingent nature of fee. This factor is not present in this case.

(6) Time limitations imposed by the client or other circumstances. Time limitations have not been a problem in this proceeding.

(7) Experience, reputation, and ability of attorneys. FNA VI submits that its Attorney is an experienced bankruptcy practitioner who has practiced regularly in bankruptcy matters since 1992.

(8) Undesirability of the case. This was not a factor in this case.

(9) Nature, length, and professional relationship with the client. The Attorney has represented FNA VI in other bankruptcy cases; therefore, the Attorney has a close working relationship with FNA VI which allows expeditious resolution of issues in the cases he handles.

(10) Awards in similar cases. FNA VI submits that the Court's experience and knowledge with respect to fee awards in similar cases would suggest that the amounts requested in this Application are comparable to or less than those in similar cases.

(11) The skill requisite to perform the legal service properly. The Attorney devotes a significant part of his practice to the representation of tax lien transferees such as FNA VI, and thus is able to provide legal services to FNA VI particularly efficiently.

(12) Results obtained. The FNA VI claim is to be paid in full under the Plan.

8. This Application contains all the fees and expenses incurred in this case to date.

9. FNA VI submits that the foregoing services rendered on behalf of and at the request of FNA VI fully warrant the fee requested by this Application pursuant to the twelve factors identified for use by the Court in First Colonial, supra. Therefore, this Application is just and should be granted in its entirety.

## III. COMPENSATION REQUESTED FOR PREPARATION OF APPLICATION

10. Under the Fifth Circuit decision of In re First Colonial Corporation of America, 544 F.2d 1291 (5th Cir.), cert. denied 97 S.Ct. 1696 (1977), subsequent Fifth Circuit decisions, as well as this Court's decisions, detailed applications for compensation are arguably mandated. In 1980, in Rose Pass Mines v. Howard, 615 F.2d 1088, the Fifth Circuit condoned the practice of compensating counsel for its efforts in providing the courts and creditors with the required applications. The Attorney has billed FNA VI an additional 0.4 hours at the rate of $460.00 an hour, and paraprofessional fees of .90 hours at the rate of $145.00 an hour for the preparation of this Application. FNA VI submits that the time expended in preparing this Application is reasonable, and that compensation at the Attorney's standard rate is appropriate for these efforts.

11. FNA VI reserves the right to submit further fees and expenses for Court approval in accordance with the six-month recurring requirements of General Order 2025-06. The fees requested herein are not provided for under the confirmed Plan. FNA VI requests that any order approving this Application direct the Debtor to pay such fees by: (i) modifying the Plan, (ii) through direct payments to FNA VI during the term of the Plan, or (iii) by direct payments to FNA VI following the conclusion of this Chapter 13 case.

WHEREFORE, FNA VI respectfully requests that the Court approve this Application for reimbursement of fees and expenses as set forth above in the total amount of $1,503.00 pursuant to 11 U.S.C. § 506(b) and for such other and further relief as the Court deems just.

Dated: September 15, 2026.

Respectfully submitted,

By: *_/s/ Howard Marc Spector_*
Howard Marc Spector
TBA #00785023

SPECTOR & COX, PLLC
Banner Place, Suite 850
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com

COUNSEL FOR HUNTER-KELSEY OF TEXAS, LLC AS AGENT FOR FNA VI, LLC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was served via electronic means to all parties who receive ECF notice in this case and via United States First Class Mail to the parties listed below on September 15, 2026.

Eddie Dean Lewis
6537 Spring River Lane
Fort Worth, TX 76180

Clayton Everett
515 E. Border St., Ste 163
Arlington, TX 76010

Trustee
Pam Bassel
Office of The Standing Ch.13 Trustee
860 Airport Freeway, Suite 150
Hurst, TX 76054

U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

Stephen Andrew Cumbie
City of Fort Worth
100 Fort Worth Trail
Fort Worth, TX 76102

Camille Stecker
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue, Suite 800
Dallas, TX 75219

/s/ *Howard Marc Spector*
Howard Marc Spector